UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA

JENNIFER L. WALLS            CASE NO.:

    Plaintiff,

v.

LEE MEMORIAL HEALTH SYSTEM,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, JENNIFER L. WALLS, and by and through the undersigned counsel, files this Complaint against Defendant, LEE MEMORIAL HEALTH SYSTEM, and in support thereof would show the Court the following matters and facts:

### Parties

1. Plaintiff, JENNIFER L. WALLS, is an individual residing in Lee County, Florida.

2. Defendant, LEE MEMORIAL HEALTH SYSTEM, is a special district of the State of Florida, operating as a healthcare facility, whose principal place of business is Lee County, Florida.

### Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

4. This Court has jurisdiction over Defendant as Defendant is domiciled in Florida.

5. Venue is proper in this Court as the cause of action accrued in Lee County, Florida which is located in the Middle District of Florida.

### Factual Allegations

6. Plaintiff, JENNIFER L. WALLS ("Dr. Walls") is a board-certified physician in Pediatrics and Pediatric Emergency Medicine.

7. Defendant, LEE MEMORIAL HEALTH SYSTEM ("Lee Health") is a special district of the State of Florida operating as a healthcare facility with several divisions, including the Golisano Children's Hospital of Southwest Florida.

8. Dr. Walls, was employed by Lee Health in the emergency department of Golisano Children's Hospital.

9. Dr. Walls was wrongfully terminated from her employment, in violation of the Americans with Disabilities Act, the Family Medical Leave Act, as well as the Florida Civil Rights Act.

10. Dr. Walls began her employment with Lee Health on August 6, 2019.

11. As a children's emergency department physician, Dr. Walls was on the front line of our nation's response to the global COVID-19 pandemic when it began in 2020.

12. As a result, Dr. Walls contracted COVID-19 herself in September 2020, and became severely ill with the infection.

13. Dr. Walls developed "long COVID" wherein her severe illness and acute symptoms lasted for many months, and she therefore took leave pursuant to the Family Medical Leave Act for the time needed for her recovery.

14. Upon attempting to return to work, Dr. Walls requested that she be placed on a part-time schedule as she was still suffering from the prolonged illness, and was told that she was required to return on a full-time schedule.

15. Returning to clinical contact with sick patients on a full-time schedule taxed her immune system which was weakened by long COVID, and Dr. Walls repeatedly fell ill at work, necessitating that she take additional days off.

16. In September 2021, Dr. Walls again fell ill while at work, this time requiring care in the emergency room herself.

17. Dr. Walls took leave for that illness, and informed her supervisors and human resources that the necessary recovery required her to be out of work for a prolonged period.

18. On October 6, 2021, Dr. Walls emailed her supervisors, Kathryn McGonegal and Dr. Carmen Garcia to advise that her challenges with long COVID were ongoing and appeared permanent.

19. Dr. Walls requested disability accommodations to maintain her employment with Lee Health in that email. Her request was ignored.

20. Instead, on October 12, 2021, Ms. McGonegal responded that she would be scheduling a meeting with Dr. Emad Salman, Dr. Carmen Garcia, and Mark Horton to take place on October 14, 2021.

21. At the October 14, 2021 meeting, Dr. Walls was informed by Mr. Horton that her leave had "expired," that she was "out sick" too much, that her absences were "disruptive" to the group, and that she "needed to be terminated" so that an able-bodied physician could be hired.

22. Dr. Walls was then terminated.

MILSON LAW, PA    201 S. BISCAYNE BLVD., SUITE 2800, MIAMI, FL 33131    305.209.0321

23. To terminate a pandemic front-line worker for their battle with the illness is arguably shameful, however to do so because of FMLA leave and following a request for disability accommodation is illegal under federal law.

24. Additionally, Dr. Walls was advised by Ms. McGonegal, when she first became ill with COVID-19, that she was not in any way allowed to report her illness as work-related, for the purposes of making a Worker's Compensation claim. This action was likewise illegal under Florida law.

25. The damage to Dr. Walls has already been done. In addition to the hardship of being chronically ill, she has suffered emotional anguish as a result of being treated in such an illegal manner.

26. Dr. Walls was therefore required to retain the undersigned counsel to represent her in this action and seek the damages she is entitled to.

## COUNT I – DISABILITY DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. §§ 12112 ET SEQ.

27. Plaintiff re-alleges paragraph 1 through 26 as though fully set forth herein

28. Dr. Walls was an employee of Lee Health, an entity with more than 14,000 employees.

29. Lee Health was aware of Dr. Walls' disability, the prolonged life-altering infection with COVID-19, as she had previously taken leave for her illness.

30. Dr. Walls requested accommodation of a part-time schedule upon returning to work after her first bout with the COVID-19 illness.

31. Lee Health denied Dr. Walls' request without any discussion.

32. On October 6, 2021, Dr. Walls made a second request for Lee Health to accommodate her disabling prolonged life-altering illness.

33. Lee Health made no effort to engage in the interactive process proscribed by the rules governing the Americans with Disabilities Act to determine an accommodation for Dr. Walls, and instead terminated her because of her disability on October 14, 2021.

34. The failure to accommodate Dr. Walls' original accommodation request, and the adverse action of terminating Dr. Walls because of her disability and second accommodation request were in violation of 42 U.S.C. §§ 12112 et seq.

35. As a result, Dr. Walls has suffered damages of lost pay, and emotional anguish.

**WHEREFORE**, Plaintiff respectfully requests that this Court find Defendant in violation of the Americans with Disabilities Act, and grant Plaintiff all damages, attorney's fees and costs, and any other relief deemed just.

### COUNT II – DISABILITY DISCRIMINATION IN VIOLATION OF FLA. STAT. § 760.10

36. Plaintiff re-alleges paragraph 1 through 26 as though fully set forth herein.

37. Dr. Walls was an employee of Lee Health, an entity with more than 14,000 employees.

38. Lee Health was aware of Dr. Walls' disability, the prolonged life-altering infection with COVID-19, as she had previously taken leave for her illness.

39. Dr. Walls requested accommodation of a part-time schedule upon returning to work after her first bout with the COVID-19 illness.

40. Lee Health denied Dr. Walls' request without any discussion.

41. On October 6, 2021, Dr. Walls made a second request for Lee Health to accommodate her disabling prolonged life-altering illness.

42. Lee Health made no effort to engage in the interactive process proscribed by the rules governing the Americans with Disabilities Act to determine an accommodation for Dr. Walls, and instead terminated her because of her disability on October 14, 2021.

43. The failure to accommodate Dr. Walls' original accommodation request, and the adverse action of terminating Dr. Walls because of her known disability and second accommodation request were in violation of Fla. Stat. § 760.10 et seq.

44. As a result, Dr. Walls has suffered damages of lost pay, and emotional anguish.

**WHEREFORE**, Plaintiff respectfully requests that this Court find Defendant in violation of the Florida Civil Rights Act, and grant Plaintiff all damages, attorney's fees and costs, and any other relief deemed just.

## COUNT III – FAMILY AND MEDICAL LEAVE ACT RETALIATION
## IN VIOLATION OF 29 U.S.C § 2615

45. Plaintiff re-alleges paragraph 1 through 26 as though fully set forth herein.

46. Dr. Walls was an employee of Lee Health, an entity with more than 14,000 employees.

47. In September 2020, Dr. Walls was eligible for leave under the Family and Medical Leave Act as she worked for Lee Health since August of 2019.

48. Between September 2020 and October 2021, Dr. Walls utilized the full extent of her available leave for her severe prolonged illness with COVID-19.

49. On October 14, 2021, citing to the FMLA leave taken, Lee Health terminated Dr. Walls.

50. The adverse action of terminating Dr. Walls because she took FMLA leave was in violation of 29 U.S.C. § 2615.

51. As a result, Dr. Walls has suffered damages of lost pay, and emotional anguish.

**WHEREFORE**, Plaintiff respectfully requests that this Court find Defendant in violation of the Family and Medical Leave Act, and grant Plaintiff all damages, attorney's fees and costs, and any other relief deemed just.

### COUNT IV – WORKERS COMPENSATION INTERFERENCe IN VIOLATION OF FLA. STAT. § 440.105

52. Plaintiff re-alleges paragraph 1 through 26 as though fully set forth herein.

53. Dr. Walls was an employee of Lee Health, an entity with more than 14,000 employees.

54. Dr. Walls became ill with COVID-19 after being exposed to the sickness while working for Lee Health in September of 2020.

55. Dr. Walls inquired of Lee Health regarding making a claim for Workers Compensation due to the contraction of her illness while working.

56. Dr. Walls was maliciously, knowingly, and intentionally told by Lee Health that she was not allowed to make a claim, in order to improperly prevent her from making such a Workers Compensation claim.

57. Dr. Walls therefore lost the opportunity to timely claim benefits she was due pursuant to Florida law.

58. The provision of false information to Dr. Walls' for the sole purpose of preventing her from making a Workers Compensation claim was in violation of Fla. Stat. § 440.105 et seq.

59. As a result, Dr. Walls has suffered damages of medical bills, and emotional anguish.

**WHEREFORE**, Plaintiff respectfully requests that this Court find Defendant in violation of the Florida Workers Compensation laws, and grant Plaintiff all damages, attorney's fees and costs, and any other relief deemed just.

## JURY TRIAL DEMAND

Plaintiff seeks a trial by jury for all matters so triable.

DATED THIS 6th day of March 2023.

                                                  Respectfully submitted,

                                                  **MILSON LAW, PA**
                                                  Citigroup Tower
                                                  201 S. Biscayne Blvd., Suite 2800
                                                  Miami, FL 33131
                                                  Phone: 305.209.0321
                                                  Email: nicole@milsonlaw.com

                                                  By: /s/ Nicole A. Milson
                                                         Nicole A. Milson, Esq.
                                                         FBN: 86157