UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER L WALLS,

    Plaintiff,

v.                                    Case No.:  2:23-cv-150-JES-KCD

LEE MEMORIAL HEALTH
SYSTEM,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Lee Memorial Health System's Motion to Compel. (Doc. 27.)[1] Plaintiff Jennifer Walls has not responded, and the time to do so expired. The Court thus treats the motion as unopposed. *See* Local Rule 3.01(c). For the reasons stated below, Lee Memorial's motion is granted.

## I. Background

Plaintiff previously worked as a physician for Lee Memorial. (Doc. 1.) She now sues under the Americans with Disabilities Act and its Florida counterpart, claiming Lee Memorial wrongly refused to accommodate her disability needs and eventually terminated her in retaliation. (*Id.* ¶¶ 10-22.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Pertinent here, Lee Memorial served its first set of discovery requests in September 2023. (Doc. 27 at 2.) Plaintiff responded, but according to Lee Memorial, her answers are deficient and many of the records sought remain outstanding. (*Id.* at 2-6.) The parties conferred for several months to resolve these outstanding issues, to no avail. Lee Memorial thus moves for an order compelling Plaintiff "to provide supplemental discovery responses, releases and supplemental document production." (*Id.* at 6.)

## II. Discussion

According to the record presented (which stands unrebutted), Plaintiff's discovery responses are deficient. Plaintiff has not produced responsive records to several requests and has otherwise raised improper objections. Federal Rule of Civil Procedure 37(a) provides that a party may move for an order compelling discovery in such circumstances.

Lee Memorial conferred with Plaintiff's counsel to resolve this dispute over several months and no supplemental discovery has been provided despite repeated assurances. (*See* Doc. 27 at 2-6.) And now Plaintiff has failed to respond to the motion to compel, thereby waiving any objections she did raise. *See Zamperla, Inc. v. I.E. Park SrL*, No. 613CV1807ORL37KRS, 2014 WL 12614505, at *2 (M.D. Fla. Nov. 3, 2014) ("Objections asserted that are not addressed in a response to a motion to compel are deemed to have been abandoned."). **The Court thus grants the motion to compel. Within**

2

**fourteen days of this order, Plaintiff must provide complete answers to the following discovery requests identified in Lee Memorial's motion:**

- Request No. 10
- Request No. 11
- Request No. 12
- Request No. 15
- Request No. 24
- Request No. 25
- Request No. 26
- Request No. 27
- Request No. 28
- Request No. 33
- Request No. 39
- Interrogatory No. 5
- Interrogatory No. 9
- Interrogatory No. 10
- Interrogatory No. 12
- Interrogatory No. 14
- Interrogatory No. 17

(Doc. 27 at 7-22.)

That leaves the issue of Lee Memoria's request for "sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 37 for Plaintiff's blatant failure to respond . . . and engage in the discovery process." (Doc. 27 at 22.)

If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). This sanctions provision in Rule 37 is self-executing. The court must award expenses if the disclosures or requested discovery are provided following a motion to compel. *See KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021).

No doubt sanctions are appropriate here. Plaintiff failed to provide discovery and is now being compelled to do so. Thus, "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe-harbor provision. The court need not order sanctions if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other

4

circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Plaintiff has failed to carry her burden. Indeed, she offers no opposition to the motion to compel. That ends the matter. *See Eichmuller*, 2020 WL 10318567, at *2 (awarding attorney fees where the "[d]efendant . . . failed to provide any meaningful opposition to [the] request for sanctions"); *KePRO Acquisitions, Inc.*, 2021 WL 6883475, at *3 (levying attorney fees where the opposing party "fail[ed] to present evidence supporting any of the three exceptions listed in Rule 37(a)(5)(A)").

Accordingly, it is now **ORDERED**:

1. Defendant Lee Memorial Health System's Motion to Compel (Doc. 27) is **GRANTED**. Within fourteen days of this order, Plaintiff must serve full and complete responses to the outstanding discovery requests noted above.

2. Within fourteen days of this order, the parties must also meet and confer about the expenses Lee Memorial reasonably incurred in making the motion under Fed. R. Civ. P. 37(a)(5).

3. If the parties cannot reach an agreement on a fee award, Lee Memorial must submit a motion, which includes necessary supporting

5

documents, detailing its reasonable expenses and fees if it wishes to pursue such relief.

**ENTERED** in Fort Myers, Florida on April 8, 2024.

                                                   Kyle C. Dudek
                                                   United States Magistrate Judge

Copies:  All Parties of Record