UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER L. WALLS,

    Plaintiff,

v.                                         Case No.:  2:23-cv-150-JES-KCD

LEE MEMORIAL HEALTH
SYSTEM,

    Defendant.
_____/

## ORDER

Before the Court are two motions: Defendant Lee Memorial Health System's Motion for Sanctions for Plaintiff's Failure to Comply with the Court's Discovery Order (Doc. 30) and Plaintiff Jennifer Walls's Motion to Modify the Case Schedule (Doc. 33).[1] Both motions were responded to. (Docs. 35, 36.) For the reasons below, Lee Memorial's motion is granted in part and denied in part, and Plaintiff's motion is denied as moot.

### I. Background

Plaintiff previously worked as a physician for Lee Memorial. (Doc. 1.) She now sues under the Americans with Disabilities Act and its Florida

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

counterpart, claiming Lee Memorial wrongly refused to accommodate her disability needs and eventually terminated her in retaliation. (*Id.* ¶¶ 10-22.)

Lee Memorial served its first set of discovery in September 2023. (Doc. 27 at 2.) Believing Plaintiff's responses were deficient, Lee Memorial moved to compel better responses. The Court granted the motion after Plaintiff didn't respond. (Doc. 28.) She was given fourteen days to supplement her discovery and deliver complete answers. (*Id.*)

Plaintiff then provided Lee Memorial amended responses and 143 pages of documents. But Lee Memorial still believes her responses are deficient, and it seeks sanctions for her noncompliance. Lee Memorial asks the Court to "dismiss this case with prejudice [or alternatively] prohibi[t] Plaintiff from introducing evidence or making arguments related to [her] discovery failures." (Doc. 30 at 1.)

Plaintiff disagrees, stating that her amended responses "were timely, compliant and complete, and were submitted to the best of her ability and in good faith." (Doc. 35 at 3.) Yet in the same breath, she claims she "substantially complied" and made her "best efforts" to respond despite severe health-related issues. (*Id.* at 4, 5, 7, 10-12.) Ultimately, Plaintiff "has no objection to being ordered with more specificity to amend her responses again." (*Id.* at 7-8.)

## II. Legal Standard

This Court has broad authority to sanction a party "for abuse of the discovery process." *Lawal v. RTM*, 260 F. App'x 149, 154 (11th Cir. 2006). "Federal Rule of Civil Procedure 37 provides different remedies for discovery violations depending on whether those violations occur due to a party's failure to respond to discovery requests, in the context of an order granting or denying a discovery motion, or when a party disobeys a discovery order." *Maletta v. Woodle*, No. 2:20-CV-1004-JES-KCD, 2022 WL 3213426, at *2 (M.D. Fla. Aug. 9, 2022). Under Rule 37, a court may strike pleadings, dismiss an action, render a default judgment, or issue "further just orders" when a party disobeys a discovery order as alleged here. Fed. R. Civ. P. 37(b)(2)(A).

As mentioned, Lee Memorial seeks dismissal. This is a tall ask. Dismissal is available only when: "(1) a party's failure to comply with a court order is a result of willfulness or bad faith; and (2) the [court] finds that lesser sanctions would not suffice." *Lyle v. BASF Chemistry, Inc.*, 802 F. App'x 479, 482 (11th Cir. 2020). As for the first prong, "all that is required to demonstrate willfulness, bad faith, and fault is disobedient conduct not shown to be outside the control of the litigant." *Williams v. Youth Opportunity Invs., LLC*, No. 5:20-CV-449-JSM-PRL, 2021 WL 11642385, at *2 (M.D. Fla. Sept. 29, 2021). Under the second prong, the court must consider lesser sanctions because "[d]ismissal of a complaint with prejudice is considered a sanction of last resort, applicable

3

only in extreme circumstances." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). "Ultimately, Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and ensure the integrity of the discovery process." *Maletta*, 2022 WL 3213426, at *2.

### III. Discussion

The Court is satisfied that Lee Memorial has shown Plaintiff violated the discovery order. *Maletta*, 2022 WL 3213426, at *2 ("The party moving under Rule 37(b) must first show that a court order has been violated."). Plaintiff claims her responses were compliant and complete (Doc. 35 at 3), but elsewhere admits she did "her best" and any discovery oversights are due to her severely limiting health condition. (*Id.*) Even considering her health limitations, participation in discovery is mandatory, not optional.

Plaintiff's latest discovery responses state that "all relevant medical records [would be] produced under separate cover." (Doc. 30 at 5-6.) She also identified ten medical providers seen during the relevant period. (*Id.* at 6.) Yet according to Lee Memorial's unrebutted evidence, Plaintiff turned over only nine pages of medical records. What is more, of those records, five were from a doctor she never identified. Clearly something is amiss, and Plaintiff does little to explain the obvious gaps in her production.

The only excuse Plaintiff offers is that her medical records "have been ordered." (Doc. 35 at 4.) But there are no further details about when that

occurred, or why any records received have not been provided to Lee Memorial. Plaintiff was given fourteen days to produce all responsive medical records in her possession, custody, or control. If she needed more time because of delays in the procurement process, the proper response was to seek an extension, not simply produce what records were on hand. *Cf. Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. 2011) ("[D]ocuments have been considered to be under a party's control (for discovery purposes) when that party has the right, authority, or practical ability to obtain the materials sought on demand.").

Plaintiff's interrogatory answers fare no better. Take interrogatory No. 9, which asked Plaintiff about her disability claim with the Social Security Administration: "For any such benefits received, please identify the type and nature of the benefits, the date you began receiving the benefits, and the amount and frequency of the benefits received." (Doc. 30 at 8-9.) Plaintiff responded: "I am presently receiving Social Security Administration disability benefits following my employment with Defendant." (*Id.* at 9.) Her answer is facially deficient in not supplying any of the specific information sought.

At bottom, Plaintiff has not shown that she made "all reasonable efforts" to comply with the discovery order, *Maletta*, 2022 WL 3213426, at *2, or that her failure resulted from "simple negligence, misunderstanding, or [an]

5

inability to comply," *Clark v. Keen*, 346 F. App'x 441, 442 (11th Cir. 2009). Sanctions are thus warranted.

The question now becomes whether Plaintiff's noncompliance justifies dismissal, or if a lesser punishment will suffice and "deter . . . those tempted to such conduct." *Williams*, 2021 WL 11642385, at *1; *see also Lawal*, 260 F. App'x at 154-55. The Court finds a monetary sanction sufficient to punish Plaintiff and prevent future misconduct. Dismissing the case or limiting the evidence is simply too harsh considering this is Plaintiff's first offense and any prejudice from the incomplete discovery can be cured through further discovery proceedings. *See, e.g.*, *Lyle*, 802 F. App'x at 482; *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances."). Accordingly, the Court will order Plaintiff to pay the attorney's fees and costs Lee Memorial incurred preparing and filing this motion. Because the Court will allow further discovery proceedings to alleviate the prejudice claimed by Lee Memorial, Plaintiff's Motion to Modify the Schedule will be denied as moot.

Accordingly, it is **ORDERED**:

1. Defendant's Motion for Sanctions for Plaintiff's Failure to Comply with the Court's Discovery Order (Doc. 30) is **GRANTED IN PART AND DENIED IN PART** as set forth above. Within fourteen days of this order, the parties must meet and confer about the expenses Lee

Memorial reasonably incurred in making the motion. If the parties cannot agree on a figure, Lee Memorial must submit a motion, which includes necessary supporting documents, detailing the reasonable expenses and fees incurred.

2. Within fourteen days of this order, Plaintiff must supplement her discovery responses to provide all documents requested and answer all interrogatory questions.

3. Plaintiff's Motion to Modify the Case Schedule (Doc. 33) is **DENIED AS MOOT**.

4. An amended schedule will follow.

**ENTERED** in Fort Myers, Florida on June 13, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record