UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER L WALLS,

    Plaintiff,

v.                                            Case No.:  2:23-cv-150-JES-KCD

LEE MEMORIAL HEALTH
SYSTEM,

    Defendant.
_____/

## **ORDER**

    Before the Court is Defendant Lee Memorial Health System's Motion for Attorney's Fees. (Doc. 28.)[1] Plaintiff Jennifer Walls has responded. (Doc. 32.) For the reasons stated below, Lee Memorial's motion is granted.

## **I. Background**

    This is an employment discrimination suit that was previously before the Court on a motion to compel discovery. Lee Memorial won because Walls did not respond, thus waiving any objection to the discovery. (Doc. 28 at 2.) The court also awarded Lee Memorial expenses and fees under Fed. R. Civ. P. 37(c). (*Id.* at 4.) The parties were instructed to confer on a fee award within fourteen days.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Those efforts failed. Lee Memorial sent Walls an accounting, which included its time for conferral and drafting the motion to compel. (Doc. 29.) Walls refused, deeming Lee Memorial's request not "remotely reasonable under the circumstances." (*Id.* at 4.) Instead, Walls insisted on limiting the fee award to one hour of time for preparing the motion to compel. (*Id.*)

Lee Memorial now moves the Court to impose a fee award consistent with what it had sought from Walls—$4,728.00. (Doc. 28.) Walls disputes the hours claimed, arguing they are excessive. (Doc. 29 at 2.)

## II. Legal Standard

If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). This provision is self-executing. The court must award expenses if a motion to compel is granted. *See KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021).

The court need not order payment only if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

2

> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5). As to the second prong, "[s]ubstantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Hill v. Emory Univ.*, 346 F. App'x 390, 392 (11th Cir. 2009). "The burden of establishing substantial justification is on the party being sanctioned." *Sigurdsson v. DiCarlantonio*, No. 6:12-CV-920-ORL-TBS, 2013 WL 5954740 (M.D. Fla. Nov. 7, 2013).

Federal courts calculate a fee award under Rule 37 using the "lodestar" method, which is found by multiplying the hours reasonably expended by a reasonable hourly rate. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). While the Supreme Court has made clear that "[t]he product of reasonable hours times a reasonable rate does not end the inquiry [,]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), there is a "strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The fee applicant bears the burden of proving that the requested hourly rate tracks the prevailing market. *Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l*,

No. 608-CV-1182-ORL22DAB, 2010 WL 98991, at *4 (M.D. Fla. Jan. 6, 2010). This typically includes providing direct evidence of charges by lawyers under similar circumstances. *Norman*, 836 F.2d at 1299. In any event, the reviewing court is also an expert on hourly rates charged in the local community and may "consult its own experience in forming an independent judgment." *Glob. Events Mgmt. Grp., Inc. v. Mullins*, No. CV 113-101, 2015 WL 5334304, at *2 (S.D. Ga. Sept. 14, 2015).

The fee applicant also bears the burden of proving reasonableness of the hours expended. In doing so, the applicant "must exercise billing judgement." *Barnes*, 168 F.3d at 428. This means excessive, redundant, or unnecessary hours—*i.e.,* hours that would be unreasonable to bill to a client—must be excluded. When the hours sought are excessive, the court may conduct an hour-by-hour analysis or reduce the requested hours across the board. *Bivins,* 548 F.3d at 1350.

### III. Discussion

**A. Entitlement to Relief**

As mentioned, the Court granted Lee Memorial's motion to compel and awarded attorney's fees under Rule 37. Walls, nevertheless, now argues that a fee award is "unjust under the circumstances." (Doc. 32 at 5.) She also claims her objections to the discovery were "substantially justified." (*Id.*) But these arguments are too little, too late. Although she had ample time to do so, Walls

4

never responded to Lee Memorial's motion to compel or advanced any argument against sanctions under Rule 37. And to make matters worse, she offers no excuse for her lack of response now. The Court will not revisit its prior decision where Walls had an opportunity to contest Lee Memorial's request for fees and did nothing.

### B. Fee Award

As mentioned, the Court first assesses the hourly rate. This is easy here because Walls does not contest the rates claimed by Lee Memorial. In any event, the Court finds them reasonable under the circumstances. Angelique Groza Lyons serves as Lee Memorial's lead counsel. She is a seasoned partner with 27 years of experience in employment law and is billing at $295.00. (Doc. 29 at 5-6.) The other attorney, Amanda M. Morejon, is an associate with 7 years of experience. Lee Memorial seeks $245.00 per hour for her work. (*Id.*) Considering the prevailing market for comparable legal services, the rates claimed here are more than reasonable if not lower than what is often charged. *See Clark v. D & B Cap. Inv., Inc.*, No. 6:19-CV-1401-PGB-GJK, 2021 WL 11646294, at *1 (M.D. Fla. Mar. 26, 2021).

Once the hourly rate is established, the Court considers whether the hours sought are reasonable. According to Lee Memorial's records, Attorney Lyons spent 4.6 hours in conferral, while Attorney Morejon spent 6.70. hours reviewing the initial discovery answers and drafting a deficiency letter. (Doc.

28.) Then, in drafting the motion to compel, Attorney Lyons spent 5.36 hours while Attorney Morejon spent 1.40 hours. Thus, defense counsel's work amounts to $4728.00, encompassing both efforts to resolve the discovery dispute and drafting the motion to compel. (*Id.*)

Walls disputes the hours claimed. (Doc. 32.) But rather than offering a detailed and substantive argument, she simply proclaims they are "excessive for this type of motion." (*Id.*) Such a perfunctory objection is insufficient. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1197 (11th Cir. 2002). But even setting aside any deficiency with Walls' argument, the Court independently finds that the time claimed is reasonable.

This is not a case where counsel filed a boilerplate discovery motion devoid of substance. Lee Memorial's motion addressed several issues and prevailed on each. Lee Memorial also satisfied its burden of documenting the hours expended. Its billing record reflects counsel made distinct and timely contributions to the process. *See Norman*, 836 F.2d at 1302 ("There is nothing inherently unreasonable about a client having multiple attorneys and the may all be compensated for the distinct contribution of each lawyer."). Moreover, Lee Memorial did not include "excessive, redundant, or otherwise unnecessary hours" in its billing. *Barnes*, 168 F.3d at 428. Conferral time is essential and deserves compensation. And dedicating 6.7 hours to a 25-page motion is

6

entirely reasonable under the circumstances. *See Askan v. Faro Techs. Inc.*, No. 6:21-CV-1366-PGB-DCI, 2023 WL 9099746 (M.D. Fla. Nov. 20, 2023).

In sum, the Court finds that Lee Memorial did not abuse its billing judgment and is entitled to the requested fee award of $4,728.00. Accordingly, it is now **ORDERED**[2]:

1. Defendant Lee Memorial Health System's Motion for Attorney Fees (Doc. 28) is **GRANTED**. Walls must pay Lee Memorial $4,728.00 under Rule 37.

**ENTERED** in Fort Myers, Florida on June 18, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

---

[2] "Magistrate Judges possess authority to adjudicate motions to compel discovery and to issue monetary and other non-dispositive sanctions under Rule 37." *Wynn v. Henry Cnty. Sch. Dist.*, No. 1:18-CV-2638-CAP-JSA, 2020 WL 11884720, at *1 (N.D. Ga. Jan. 21, 2020); *see also Palma v. Fla. Neurological Ctr., LLC*, No. 5:10-CV-117-OC-34TBS, 2011 WL 6153423, at *1 (M.D. Fla. Dec. 12, 2011); *Taverna Imports, Inc. v. A&M Wine & Spirits, Inc.*, No. 15-24198-CIV, 2018 WL 11227736, at *4 (S.D. Fla. Dec. 20, 2018).