UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER L WALLS,

    Plaintiff,

v.                                Case No.:   2:23-cv-150-JES-KCD

LEE MEMORIAL HEALTH
SYSTEM,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Lee Memorial Health System's Second Motion for Attorneys' Fees. (Doc. 41.)[1] Plaintiff Jennifer Walls has responded (Doc. 42), making this matter ripe. For the reasons below, Lee Memorial's motion is granted in part and denied in part.

This is an employment discrimination suit that has been contentious of late. As relevant here, the Court sanctioned Plaintiff under Fed. R. Civ. P. 37(b) for not making "all reasonable efforts to comply with [its] discovery order." (Doc. 38 at 5.) Plaintiff was ordered "to pay the attorney's fees and costs Lee Memorial incurred preparing and filing" the motion for sanctions. (*Id.* at 6.) The parties were given fourteen days to confer on a fee award. (*Id.*)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

The conferral efforts failed, and Lee Memorial now asks the Court to set the fee award at $4,480.00. (Doc. 41 at 4.) Plaintiff labels this amount unreasonable. (Doc. 42 at 2.) In her view, Lee Memorial is "claiming an unreasonably excessive amount of time, 18 hours, for drafting [the] motion." (*Id.*)

Federal courts calculate a fee award under Rule 37 using the "lodestar" method, which is found by multiplying the hours reasonably expended by a reasonable hourly rate. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). While the Supreme Court has made clear that "[t]he product of reasonable hours times a reasonable rate does not end the inquiry [,]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), there is a "strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The fee applicant bears the burden of proving that the requested hourly rate tracks the prevailing market. *Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l*, No. 608-CV-1182-ORL22DAB, 2010 WL 98991, at *4 (M.D. Fla. Jan. 6, 2010). This typically includes providing direct evidence of charges by lawyers under similar circumstances. *Norman*, 836 F.2d at 1299. In any event, the reviewing

2

court is also an expert on hourly rates charged in the local community and may "consult its own experience in forming an independent judgment." *Glob. Events Mgmt. Grp., Inc. v. Mullins*, No. CV 113-101, 2015 WL 5334304, at *2 (S.D. Ga. Sept. 14, 2015).

The fee applicant also bears the burden of proving reasonableness of the hours expended. In doing so, the applicant "must exercise billing judgement." *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). This means excessive, redundant, or unnecessary hours—*i.e.,* hours that would be unreasonable to bill to a client—must be excluded. When the hours sought are excessive, the court may conduct an hour-by-hour analysis or reduce the requested hours across the board. *Bivins*, 548 F.3d at 1350.

The Court moves directly to the second step because Plaintiff does not contest the hourly rates claimed. (*See* Doc. 42 at 3 ("Plaintiff does not dispute the reasonableness of the hourly rates set forth by Defendant's counsel of $295.00 per hour for Angelique Groza Lyons and $245.00 per hour for Amanda Morejon.").)

According to Lee Memorial's records, Attorney Morejon spent 16.6 hours researching and drafting the motion for sanctions. And Attorney Lyons, for her part, clocked 0.2 hours in conferral and 1.2 hours editing. (*See* Doc. 41-1.) This work amounts to $4,480.00, encompassing both efforts to resolve the dispute and file the underlying motion. (*Id.*)

Plaintiff argues that Lee Memorial "heavily" copied the motion for sanctions, and thus 16.6 hours for drafting is unreasonable. (Doc. 42.) The Court disagrees. This was not a copy-paste job. While portions of the background and procedural history may have been lifted from a prior motion, the substance was new. Considering the complexity of the issues, the drafting time sought is reasonable.

But there is a different problem lurking. Lee Memorial did not prevail across the board. The Court rejected its primary request to dismiss the case. And a substantial portion of the motion for sanctions went to this failed argument. "If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Hepsen v. J.C. Christensen & Assocs., Inc.*, 394 F. App'x 597, 601 (11th Cir. 2010). The specific hours spent on Lee Memorial's unsuccessful argument cannot be culled from the current record. The Court will thus exercise its discretion and reduce the fee award by 40% to account for the partial success. *See Classic Soft Trim, Inc. v. Albert*, No. 6:18-CV-1237-WWB-GJK, 2022 WL 3098949, at *4 (M.D. Fla. May 17, 2022) (reducing fee award under Rule 37 "due to limited success on the motion"); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) ("[T]he court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion.").

One last issue. Lee Memorial requests that payment of the fee award be "a condition to maintaining [the] claims in this case." (Doc. 41 at 8.) In other words, Plaintiff must pay to play. The Court agrees with Plaintiff—this is "too harsh of a sanction." (Doc. 42 at 5.) Given her professed finances, requiring payment to move forward on the merits would amount to dismissal, something the Court has already rejected.

Accordingly, it is now **ORDERED**:[2]

1.   Lee Memorial Health System's Second Motion for Attorneys' Fees (Doc. 41) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff must pay Lee Memorial $2,688.00 under Rule 37.

**ENTERED** in Fort Myers, Florida on August 6, 2024.

Kyle C. Dudek
United States Magistrate Judge

---

[2] "Magistrate Judges possess authority to adjudicate motions to compel discovery and to issue monetary and other non-dispositive sanctions under Rule 37." *Wynn v. Henry Cnty. Sch. Dist.*, No. 1:18-CV-2638-CAP-JSA, 2020 WL 11884720, at *1 (N.D. Ga. Jan. 21, 2020); *see also Palma v. Fla. Neurological Ctr., LLC*, No. 5:10-CV-117-OC-34TBS, 2011 WL 6153423, at *1 (M.D. Fla. Dec. 12, 2011); *Taverna Imports, Inc. v. A&M Wine & Spirits, Inc.*, No. 15-24198-CIV, 2018 WL 11227736, at *4 (S.D. Fla. Dec. 20, 2018).

Copies: All Parties of Record