UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER L. WALLS,

    Plaintiff,

v.                      Case No:  2:23-cv-150-JES-KCD

LEE MEMORIAL HEALTH SYSTEM,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Review Bill of Costs (Doc. #59) filed on March 6, 2025. Plaintiff concedes defendant's eligibility for costs as the prevailing party but asks the Court to review and reduce/eliminate certain categories of claimed costs and their amounts, but to ultimately deny all costs based on plaintiff's financial condition. Defendant filed a Response (Doc. #61) on March 19, 2025.

**I.**

On January 21, 2025, the Court issued an Opinion and Order (Doc. #53) granting summary judgment in favor of defendant Lee Memorial Health System (Lee Health or defendant). Judgment (Doc. #54) was issued the next day. On February 4, 2025, defendant filed a proposed Bill of Costs (Doc. #56) with supporting receipts. On February 27, 2025, the Clerk taxed costs against plaintiff Jennifer

L. Walls (Dr. Walls or plaintiff) in the requested amount of $8,655.14. (Doc. #58.)

As set forth below, the Court grants the motion to the extent that it will review the bill of costs and reduce certain amounts. The motion is denied to the extent plaintiff seeks to deny the request for costs based on plaintiff's financial condition. Defendant opposes elimination or reduction of any requested costs.

**II.**

A prevailing party is entitled to an award of costs. Fed. R. Civ. P. 54(d)(1); Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co., Ltd., 254 F.3d 987, 1012 (11th Cir. 2001). The Court may tax costs for: (1) fees of the clerk and marshal, (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case, (3) fees and disbursements for printing and witnesses, (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court appointed experts, interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920. The Court may only tax costs as authorized by this statute. U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000). As to those costs, Rule 54(d) "establishes a presumption costs are to be awarded to a prevailing party, but vests a district judge with discretion to decide otherwise." Chapman v. AI Transp., 229

2

F.3d 1012, 1038 (11th Cir. 2000) (en banc) (citations omitted). The "district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered," since "a district court must have and state a sound basis for doing so." Id. at 1039 (citations omitted).

A "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d). [] If a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay." Id. (collecting cases). "Even in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." Id. "We do not mean to imply that the district court must consider [the non-prevailing party's] financial situation in calculating the amount of costs to be awarded, even if he proves his financial situation is extreme, but only that the court must realize that it has the discretion to do so." Id. at 1040.

### III.

#### A. Service of Subpoenas

A prevailing party may recover, pursuant to 28 U.S.C. § 1920(1), the costs of service of the summons and complaint as limited by 28 U.S.C. § 1921. W&O, Inc., 213 F.3d at 624. Under

28 U.S.C. § 1921(b), the service fees may not exceed the amount set by the Attorney General by regulation as fees for service by the U.S. Marshal. The current fee for personal service of process is $65 per hour for each item served, plus travel costs and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3).

Defendant lists $1,428.00 for service costs on medical records custodians. (Doc. #56 at 4.) The fees themselves were reasonable. While Lee Health did not dispute that Dr. Walls had a disability or handicap (Doc. #53 at 23), plaintiff's medical condition and records were central to the issue of whether Dr. Walls could perform her job, when she would return to work, or if further accommodations were appropriate before she was terminated. The medical records were therefore necessary in the case. The Court will allow the costs for service of these subpoenas.

### A. Copying Costs

Under 1920(4), fees for "exemplification and copies" are permitted if necessary for use in the case. "Copies attributable to discovery" are a category of copies which are recoverable under § 1920(4). W&O, Inc., 213 F.3d at 623 (citation omitted).

Defendant seeks $2,221.24 for exemplification and costs of copies. The medical records were clearly necessary for use in the case and were made at the reasonable rates imposed by the medical providers. The Court finds the costs were appropriately taxed.

4

**B. Transcripts**

Under § 1920(2), fees for transcripts "necessarily obtained for use in the case" are taxable. The "necessarily obtained" component is not an empty requirement. "Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." W&O, Inc., 213 F.3d at 620 (citing Goodwall Const. Co. v. Beers Const. Co., 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), aff'd, 991 F.2d 751 (Fed. Cir. 1993)). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" Id., at 620-21 (citing Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B 1981) (quoting § 1920(2))). For a deposition of a party, the deposition must have been "reasonably necessary." Id. at 622.

Defendant seeks $3,515.90 for transcripts. Three separate depositions were taken of Dr. Walls and one additional deposition was taken of Joseph Copollo. (Doc. #56 at 23.) Plaintiff does not object to the cost of her own deposition. (Doc. #59, p. 3.) The Court will allow the fees for transcript and exhibits, along with the "litigation support services". However, the fees include the cost of the space: "Conference Suite & Amenities" at a cost of $203.50 for May 10, 2024; "Virtual Primary Participants" at a cost

of $209.00 for May 17, 2024; "Virtual Primary Participants" in the amount of $225 and a "Smart Summary" in the amount of $49 for the convenience of counsel on May 21, 2024; and "Conference Suite & Amenities" at a cost of $597.35 on August 15, 2024.  (Doc. #56 at 24-27.)  These overhead amounts ($1,283.85) will not be permitted. Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996).

   **D. Witness Fees**

   Witness fess may be taxed as costs under 28 U.S.C. § 1920(3). "In Crawford, the Supreme Court held that, 'when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary.'" Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 463 (11th Cir. 1996) (quoting Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 439 (1987)).  Under 28 U.S.C. § 1821, a witness attending court or a deposition shall be paid an attendance fee of $40 per day, plus travel to and from the place of attendance and during such attendance.  28 U.S.C. § 1821(b).  A witness who travels by common carrier can be paid actual expenses of travel based on the means of "transportation reasonably utilized and the distance necessarily traveled" to the place of attendance.  28 U.S.C. § 1821(c)(1).  A travel allowance for mileage, toll charges, "normal travel expenses", and a subsistence allowance shall also be paid. 28 U.S.C. § 1821(c)(2)-(4), (d).

6

Plaintiff generally objects to the witness fees without elaboration. Defendant seeks $740.00, with $40 covering the witness fee. But no receipts are provided as to the $700 other than a check indicating it was a "Fee for doctor deposition testimony." (Doc. #56 at 29.) This amount will be reduced to the permitted $40.

### E. Mediation

Although mediation costs could be taxed in the past pursuant to Case Management and Scheduling Orders, that is no longer the case. As noted in the Civil Action Order, "[t]he Bill of Costs may only include costs taxable by statute, which does not include a mediator fee…." (Doc. #22 at I.1.) Therefore, $750 for defendant's share of the mediation will be eliminated from the taxed costs.

### F. Plaintiff's Financial Condition

Plaintiff asks the Court to consider her financial condition and, based on that condition, decline to impose even the costs otherwise allowed by the statute. Plaintiff asserts that "she is a disabled woman on a limited income and does not have the means to pay such costs." (Doc. #59, p. 1.) Plaintiff further asserts that she "supports her disabled mother and her brother, paying for all of their living expenses, including housing, from this fixed amount. (Id. at 2.) While the motion states that plaintiff has filed a declaration concerning her financial condition, id. ("See

7

Declaration of Jennifer Walls"), none has been filed. The Court recognizes its discretion in this area and is willing to consider plaintiff's financial condition. However, having done so, plaintiff has not provided sufficient information which establishes a sound basis to further reduce or eliminate the costs which have been sought and approved.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Review Bill of Costs (Doc. #59) is **GRANTED** to the extent the Court reviewed the Bill of Costs.

2. The Bill of Costs (Doc. #58) is **vacated.** Defendant shall file an amended bill of costs consistent with this Order within **SEVEN (7) DAYS** of the Order.

3. The Clerk shall tax the amended bill of costs once filed.

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of April 2025.

_JOHN E. STEELE_
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record